Tracy L. Klestadt (TK-3591)
John E. Jureller, Jr. (JJ-4697)
Patrick J. Orr (PO-7617)
KLESTADT & WINTERS, LLP
292 Madison Avenue, 17th Floor
New York, New York 10017
(212) 972-3000

---

SUNTRUST BANK,

           Plaintiff,

vs.

ECKO.COMPLEX, LLC, SWEAT
EQUITY LABORATORIES, LLC,
MARC ECKO, MARCI TAPPER, and
SETH GERSZBERG,

           Defendants.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

Civil Action No:

05-4274
(JAG)

**COMPLAINT**

---

Plaintiff, SunTrust Bank, a Georgia state bank organized under the laws of the State of Georgia ("SunTrust" or "Plaintiff"), by and through its attorneys, Klestadt & Winters, LLP, as and for its complaint (the "Complaint") against defendants Ecko.Complex, LLC, Sweat Equity Laboratories, LLC, Marc Ecko, Marci Tapper and Seth Gerszberg (collectively, the "Defendants"), alleges and states as follows:

### JURISDICTION AND VENUE

1. The United States District Court for the District of New Jersey (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a) as complete diversity of citizenship exists between the Plaintiff and Defendants (collectively, the "Parties") and because the amount in controversy exceeds $75,000 as to each of the Defendants.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(a) because all of the Defendants reside in this District and a substantial part of the events and omissions giving rise to

the claim stated herein occurred in this District.

## PARTIES

3. Plaintiff SunTrust Bank ("SunTrust") is a corporation organized and existing under the laws of the State of Georgia with its principal place of business located in Atlanta, Georgia. SunTrust Bank is the successor by merger to SunTrust Bank, Atlanta and SunTrust Bank of Miami, N.A.

4. Upon information and belief, Defendant Ecko.Complex, LLC ("Ecko.Complex") is a limited liability company organized under the laws of New Jersey with a principal place of business located at 1 Martin Avenue, South River, New Jersey 08882.

5. Upon information and belief, Defendant Sweat Equity Laboratories, LLC ("Sweat Equity"), at all times relevant hereto, was a limited liability company with a principal place of business located at 1 Martin Avenue, South River, New Jersey 08882.

6. Upon information and belief, Defendant Marc Ecko ("Ecko") is a natural person who resides at 96 Tall Oaks Drive, East Brunswick, New Jersey 08816.

7. Upon information and belief, Defendant Seth Gerszberg ("Gerszberg") is a natural person who resides at 108 North 8th Avenue, Highland Park, New Jersey 08904.

8. Upon information and belief, Defendant Marci Tapper ("Tapper") is a natural person who resides at 12 Apollo Road, Manalapan, New Jersey 07726.

## FACTUAL BACKGROUND

### Desafio Agreement

9. Upon information and belief, Ecko.Complex and its wholly owned subsidiary, Sweat Equity, at all times relevant hereto, were engaged in the business of, among other things, manufacturing and selling specialty silkscreen and embroidered apparel under the brand name

2

"Ecko Unlimited."

10. According to its website, Ecko.Complex and its related entities have focused their apparel line towards the hip-hop and youth culture, developing strong brand recognition in this market segment, including the Ecko Unlimited tee shirt line that it parlayed into reported billings of over $300 million in its men's sportswear division in 2002.

11. On or about September 15, 2003, Sweat Equity entered into an Equipment Purchase and Preferred Supplier Agreement (the "Desafio-Sweat Equity Agreement") with an entity named Industrias Desafio, SA de CV ("Desalfio, SA"), a true and correct copy of which is attached hereto as **Exhibit A**.

12. Pursuant to the Desafio-Sweat Equity Agreement, Sweat Equity agreed to sell, and Desafio, SA agreed to purchase, all of Sweat Equity's owned and leased equipment used in the printing of Ecko Unlimited tee shirts (the "Equipment").

13. The Desafio-Sweat Equity Agreement also provides that Ecko.Complex would treat Desafio, SA as a "preferred supplier," which is defined in the Desafio-Sweat Equity Agreement as a "supplier which shall supply a minimum of eighty percent (80%) of Ecko.Complex LLC's Ecko Unltd. menswear tee shirt printing and production requirements...."

14. An individual named Effy Zinkin signed the Desafio-Sweat Equity Agreement both in her capacity as Chief Executive Officer of Sweat Equity and again in her capacity as Senior Vice President of Ecko.Complex, specifically with respect to Ecko.Complex's obligations to treat Desafio, SA as a "preferred supplier."

## The SunTrust Factoring Agreements

15. Upon information and belief, in order to finance the tee shirt printing and production operations described above, Desafio, SA and its affiliate, Industrias Desafio, Inc.

3

("Desafio, Inc."), approached SunTrust and requested that SunTrust purchase their accounts receivable and extend them credit in conjunction with the Desafio-Sweat Equity Agreement.

16. On or about June 1, 1998, SunTrust entered into a factoring agreement with Desafio, SA, a true and correct copy of which is attached hereto as **Exhibit B** (the "Desafio, SA Factoring Agreement").

17. On or about March 7, 2001, Desafio, Inc. also entered into a factoring agreement with SunTrust Bank, a true and correct copy of which is attached hereto as **Exhibit C** (the "Desafio, Inc. Factoring Agreement" collectively, with the Desafio, SA Factoring Agreement, the "Desafio Factoring Agreements").

18. Commencing on or after June of 1998, Desafio, SA and/or Desafio, Inc. manufactured and sold certain goods/apparel and created accounts receivable that were assigned to SunTrust pursuant to the Desafio Factoring Agreements.

19. Resultantly, the accounts receivable subject to the Desafio Factoring Agreements are owned by SunTrust (the "Desafio Accounts Receivable").

20. The vast majority, monetarily, of the Desafio Accounts Receivable corresponded to invoices issued to Defendant Ecko.Complex.

21. In order to ensure payment of those invoices evidencing purchases by Ecko.Complex, which composed part of the outstanding Desafio Accounts Receivable (the "Ecko.Complex Obligations"), Sweat Equity executed a guaranty in favor of SunTrust, dated November 26, 2002, which guarantied the payment of all obligations and liabilities of Sweat Equity to SunTrust including, without limitation, any outstanding accounts receivable (the "Sweat Equity Guaranty"). A true and correct copy of the Sweat Equity Guaranty is attached hereto as **Exhibit D**.

22. In order further ensure payment of the Ecko.Complex Obligations, Ecko.Complex executed a guaranty in favor of SunTrust, dated November 26, 2002, which guarantied the payment of all obligations and liabilities of Ecko.Complex to SunTrust including, without limitation, any outstanding accounts receivable (the "Ecko.Complex Guaranty"). A true and correct copy of the Ecko.Complex Guaranty is attached hereto as **Exhibit E**.

23. To further ensure payment of the Ecko.Complex Obligations, Defendant Ecko executed a Limited Continuing Guaranty Agreement dated March 9, 2004, in favor of SunTrust, wherein Defendant Ecko guarantied the payment of all obligations and liabilities of Ecko.Complex to SunTrust including, without limitation, any outstanding accounts receivable (the "Ecko Personal Guaranty"). A true and correct copy of the Ecko Personal Guaranty is attached hereto as **Exhibit F**.

24. The Ecko Personal Guaranty is limited to the aggregate principal sum of Three Million Three Hundred Thousand Dollars ($3,300,000.00), plus any liabilities of Ecko.Complex arising from or relating to this limited principal sum.

25. To further ensure payment of the Ecko.Complex Obligations, Defendant Gerszberg executed a Limited Continuing Guaranty Agreement dated March 9, 2004, in favor of SunTrust, wherein Defendant Gerszberg guarantied the payment of all obligations and liabilities of Ecko.Complex to SunTrust including, without limitation, any outstanding accounts receivable (the "Gerszeberg Personal Guaranty"). A true and correct copy of the Gerszberg Personal Guaranty is attached hereto as **Exhibit G**.

26. The Gerszberg Personal Guaranty is limited to the aggregate principal sum of Three Million Three Hundred Thousand Dollars ($3,300,000.00), plus any liabilities of Ecko.Complex arising from or relating to this limited principal sum.

27. To further ensure payment of the Ecko.Complex Obligations, Defendant Tapper executed a Limited Continuing Guaranty Agreement dated March 9, 2004, in favor of SunTrust, wherein Defendant Tapper guarantied the payment of all obligations and liabilities of Ecko.Complex to SunTrust including, without limitation, any outstanding accounts receivable (the "Tapper Personal Guaranty"). A true and correct copy of the Tapper Personal Guaranty is attached hereto as **Exhibit H**.

28. The Tapper Personal Guaranty is limited to the aggregate principal sum of Three Million Three Hundred Thousand Dollars ($3,300,000.00), plus any liabilities of Ecko.Complex arising from or relating to this limited principal sum.

29. To date, the aggregate of Desafio Accounts Receivable factored by SunTrust for sales of merchandise by Desafio SA and/or Desafio, Inc. to Ecko.Complex totals $3,416,382.57 and the sale of this merchandise is memorialized by certain invoices. A statement of the open and unpaid invoices, as well as a sample of the invoices identifying that the accounts have been assigned to and are owned by SunTrust, are attached hereto as **Exhibit I** (the "Unpaid Invoices"). The Unpaid Invoices are too voluminous to attach to the Complaint and copies shall be made available upon request or through discovery.

30. This amount remains unpaid by Ecko.Complex and, as such, the Ecko.Complex Obligations currently total $3,416,382.57.

31. SunTrust has made demands for payment upon all of the Defendants, Desafio, and SA, Desafio, Inc. but such demands have been futile.

32. The non-payment of the Ecko.Complex Obligations and the subsequent refusal by the Defendants to honor the respective guaranties constitute defaults under each such guaranty.

## COUNT ONE

### Failure to Pay for Goods Sold and Delivered

33. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

34. Desafio, S.A. and/or Desafio, Inc. sold and delivered the merchandise set forth on the Unpaid Invoices to Ecko.Complex.

35. The Unpaid Invoices clearly indicate that payment of the Unpaid Invoices should be made directly to SunTrust as the owner of the account.

36. Ecko.Complex has failed to pay the Unpaid Invoices.

37. SunTrust is entitled to a judgment against Ecko.Complex as a result of this failure to pay the Unpaid Invoices in the amount of $3,416,382.57 plus interest.

## COUNT TWO

### Breach of Guaranty Agreement

38. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

39. Ecko.Complex executed and delivered the Ecko.Complex Guaranty and promised to pay SunTrust or its order the Ecko.Complex Obligations without limitation.

40. SunTrust has honored and met all obligations and requirements demanded of SunTrust by the Ecko.Complex Guaranty or any other document related to the Ecko.Complex Obligations.

41. The Ecko.Complex Obligations remain unpaid in the amount of $3,416,382.57.

42. Ecko.Complex's failure to cure the Ecko.Complex Obligations constitutes a breach of the Ecko.Complex Guaranty.

7

43.  SunTrust is entitled to a judgment against Ecko.Complex as a result of this breach in the amount of $3,416,382.57 plus interest.

## COUNT THREE

### Breach of Limited Continuing Guaranty Agreements

44.  Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

45.  Defendants Ecko, Gerszberg and Tapper executed and delivered the Ecko Personal Guaranty, Gerszberg Personal Guaranty and Tapper Personal Guaranty, respectively, and promised to pay SunTrust or its order the Ecko.Complex Obligations.

46.  SunTrust has honored and met all obligations and requirements demanded of SunTrust by the Ecko Personal Guaranty, Gerszberg Personal Guaranty and Tapper Personal Guaranty or any other document related to the Ecko.Complex Obligations.

47.  The Ecko.Complex Obligations remain unpaid in the amount of $3,416,382.57.

48.  Defendants Ecko's, Gerszberg's and Tapper's failure, collectively and individually, to cure the Ecko.Complex Obligations constitute breaches of the Ecko Personal Guaranty, Gerszberg Personal Guaranty and Tapper Personal Guaranty.

49.  SunTrust is entitled to a judgment against Defendants Ecko, Gerszberg and Tapper, as a result of these breaches, individually up to the amount of $3,300,000.00 or jointly in the aggregate amount of $3,416,382.57.

## COUNT FOUR

### Unjust Enrichment

50.  Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

8

51. As a result of the actions described herein, Ecko.Complex and Sweat Equity have been unjustly enriched at the expense of SunTrust.

52. Ecko.Complex and Sweat Equity, while incurring the Ecko.Complex Obligations, received merchandise worth $3,416,382.57 from Desafio, SA and/or Desafio, Inc. and which were paid for by SunTrust.

53. The failure by Ecko.Complex and Sweat Equity to pay the Ecko.Complex Obligations while retaining and/or reselling the merchandise at issue constitutes an unjust enrichment by Ecko.Complex and Sweat Equity at the expense of SunTrust.

54. SunTrust is entitled to a judgment against Ecko.Complex and Sweat Equity as a result of this unjust enrichment in the amount of $3,416,382.57 plus interest.

## COUNT FIVE

### Breach of Duty of Good Faith and Fair Dealing

55. Plaintiff incorporates by reference the preceding paragraphs of the Complaint as if fully set forth herein.

56. Pursuant to New Jersey common law, every contract contains an implied covenant of good faith and fair dealing.

57. All of the Defendants have breached their duties of good faith and fair dealing to SunTrust under the respective guaranty agreements by refusing to pay the Ecko.Complex Obligations.

58. As a result of the Defendants' breaches of their duties of good faith and fair dealing, SunTrust has suffered damages in the amount of $3,416,382.57.

59. SunTrust is entitled to a judgment against Defendants Ecko, Gerszberg and Tapper, as a result of these breaches, individually up to the amount of $3,300,000.00 or jointly

9

with all other Defendants in the aggregate amount of $3,416,382.57.

WHEREFORE, SunTrust demands judgment against Defendants Ecko, Gerszberg and Tapper, individually up to the amount of $3,300,000.00, plus interest, or jointly with all other Defendants in the aggregate amount of $3,416,382.57 plus interest, together with interest, cost and attorneys' fees and for such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 31, 2005

                         KLESTADT & WINTERS, LLP
                         Attorneys for SunTrust Bank

By: _____
      Tracy L. Klestadt (TLK-3591)
      John E. Jureller, Jr. (JJ-4697)
      Patrick J. Orr (PO-7617)
292 Madison Avenue, 17th Floor
New York, New York 10017-6314
Tel: (212) 972-3000
Fax: (212) 972-2245